**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ANA ALEXANDRA MONCADA RUIZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1795-KC** |
| | § | |
| **DEPARTMENT OF HOMELAND SECURITY,** | § | |
| | § | |
| **Respondent.** | § | |

**ORDER**

On this day, the Court considered the case. On July 1, 2026, Ana Alexandra Moncada Ruiz filed a Petition for a Writ of Habeas Corpus, ECF No. 3, challenging her continued detention without a bond hearing as unlawful and unreasonably prolonged. On July 2, the Court ordered Respondents to show cause why the application for a writ of habeas corpus should not be granted. July 2, 2026, Order, ECF No. 2.

On July 9, Respondents filed a Response, ECF No. 5, in which they state that Moncada Ruiz was given a bond hearing on June 4, 2026, and denied bond on the basis of flight risk. *Id.* at 2; *see id.* Ex. E ("IJ Order"), ECF No. 5-5.

The Court thus ordered Moncada Ruiz to file a reply stating whether she received a bond hearing, and if so, whether she disputes that the immigration judge made factual findings and an individualized determination in her case. July 10, 2026, Order, ECF No. 6.

Moncada Ruiz has now filed a Reply, ECF No. 10, in which she concedes that she received a bond hearing on June 4 and was denied bond due to flight risk. *Id.* at 1. But

"respectfully dispute[s] the Immigration Judge's factual findings and [flight risk] determination." *Id.*

When a petitioner has already received an individualized custody determination, this Court lacks jurisdiction to sit in review of the IJ's discretionary finding that an alien is a flight risk or danger and therefore should be denied bond. *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citation omitted). In other words, whether the Court agrees with the IJ's determination regarding Moncada Ruiz's risk of flight is of no importance—it simply lacks the power to review that determination.

Moncada Ruiz is also not subject to a final order of removal, which would trigger a new claim and different reasonableness standard for prolonged detention. *See generally* Pet.; Reply; *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). Thus, her Petition does not raise any viable claims at this time.

Accordingly, the Court **ORDERS** that the Petition, ECF No. 3, is **DISMISSED** without prejudice to refiling if any new claims accrue.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 5th day of August, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE